

Hart H. Spiegel (argued), Thomas Silk, Jr., of Brobeck, Phleger & Harrison, San Francisco, Cal., for appellants.

William Friedlander (argued), K. Martin Worthy, Chief Counsel, Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and GOODWIN, District Judge.*

PER CURIAM:

These consolidated appeals challenge the Tax Court's decision that a law partnership on a cash basis may not deduct as ordinary and necessary business expenses the various litigation costs advanced for clients on contingent-fee cases in which the advances are to be repaid from the amount recovered for the client. The opinion of the Tax Court is reported at 53 T.C. 217 (1970).

The Tax Court held that the advances were in the nature of loans, citing Burnett v. Commissioner of Internal Revenue, 356 F.2d 755 (5th Cir. 1966), cert. den. 385 U.S. 832, 87 S.Ct. 77, 17 L.Ed.2d 68 (1966).

In Hearn v. Commissioner of Internal Revenue, 309 F.2d 431 (9th Cir. 1962), cert. den. 373 U.S. 909, 83 S.Ct. 1299, 10 L.Ed.2d 411 (1963), we held that uncollected litigation expenses could not be deducted under Section 162 of the Internal Revenue Code of 1954 in the year of the expenditure because they might later be recovered. We also held that such advances could not be treated as bad debts until they became worthless. In the case at bar, the Tax Court found that the law firm expected to be repaid, and, in fact, in most cases was repaid by its clients. Under the usual methods of accounting, such transactions are treated as loans.

The decision of the Tax Court is consistent with the cited cases and with the Congressional intent expressed in Section 162.

Affirmed.

UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Edward LIPSCOMB, Defendant-Appellant.

No. 71–2401

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 10, 1971.

Rehearing Denied Nov. 9, 1971.

Ira DeMent, U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

---

* The Honorable Alfred T. Goodwin, District Judge for the District of Oregon, sitting by designation.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Leo WOOD, Appellant,**

v.

**SOUTHERN PACIFIC CO., Appellee.**

No. 25213.

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1971.

Robert Bogason (argued), William R. Denton, San Francisco, Cal., Randolph Karr, Los Angeles, Cal., for appellee.

Before ELY, HUFSTEDLER, Circuit Judges, and BEEKS,* District Judge.

PER CURIAM:

Appellant, a veteran returning from military service, appeals from the District Court's judgment in favor of appellee. Appellant claims that the railroad failed to meet its duty under 50 U.S.C. App. 459 to offer him the same job and benefits he would have had if he had not entered the service.

Had appellant remained at his job as a fireman, he undeniably would have been given the opportunity to become a switchman. The mere fact that management might have given his work group a different job option is insufficient to withhold it from him now. Brooks v. Mo. Pacific R. R. Co., 376 U.S. 182, 84 S.Ct. 578, 11 L.Ed.2d 599 (1964); Tilton v. Mo. Pacific R. R. Co., 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964). If appellant is now denied the same choice of jobs offered to his peers during his absence, he will be penalized for having served his country in the military. Conner v. Penn. R. R. Co., 85 U.S. App.D.C. 223, 177 F.2d 854, cert. denied 339 U.S. 919, 70 S.Ct. 622, 94 L.Ed. 1343 (1949). The requirements of the statute cannot be satisfied "by giving returning veterans seniority in some general abstract sense and then denying them the perquisites and benefits that flow from it." Accardi v. Penn. R. R. Co., 383 U.S. 225, 230, 86 S.Ct. 768, 772, 15 L.Ed.2d 717 (1966).

Reversed.

* Honorable William T. Beeks, U.S. District Judge sitting by designation.